**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

**JUL 19 2011**

JAMES W. McCORMACK, CLERK

By:_____ DEP CLERK

Walter L. Hall
Reg. No. 08528-030
FCI Forrest City - Low
P.O. Box 9000-Low
Forrest City, AR 72336-9000

Case: 2:11 CV00 127 DPM/BD

CIVIL RIGHTS COMPLAINT

TITLES:  42 U.S.C. §1997(d)-(e)
         28 U.S.C. §1331(Bivens)
         28 U.S.C. §1915
         28 U.S.C. §§2671-2680
         18 U.S.C. §4042
          5 U.S.C. §702

JURY TRIAL DEMANDED

Prisoner's Pro Se Civil Complaint Seeking Compensatory Damages

For Actual and Punative Relief Pursuant to the Federal Tort Claim Act

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

(1)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

CIVIL DIVISION

| | | |
|---|---|---|
| Walter L. Hall | ) | |
| **Plaintiff** | ) | Case No: _____ |
| **vs.** | ) | |
| | ) | Titles: 42 U.S.C. §1997(d)-(e) |
| The United States of America | ) | 28 U.S.C. §1331(Bivens) |
| Lenny Noah | ) | 28 U.S.C. §1915 |
| | ) | 28 U.S.C. §§2671-2680 |
| Steve Sellers | ) | 18 U.S.C. §4042 |
| T.C. Outlaw | ) | 5 U.S.C. §702 |
| A. Ford | ) | JURY TRIAL DEMANDED |
| G. Maldonado Jr. | ) | |
| Harrell Watts | ) | |
| P. Harrington | ) | |

<u>Prisoner's Pro Se Civil Complaint Seeking Compensatory Damages</u>

<u>For Actual and Punative Relief Pursuant to the Federal Tort Claim Act</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

CIVIL DIVISION

| | | |
|---|---|---|
| Walter L. Hall<br>**Plaintiff,** | ) ) ) | |
| | ) | Case No: _____ |
| **vs.** | ) ) | Titles: 42 U.S.C. §1992(d)-(e) |
| The United States of America | ) | 28 U.S.C. §1331(Bivens) |
| Lenny Noah | ) ) | 28 U.S.C. §1915 |
| Steven Sellers | ) | 28 U.S.C. §2671-2680 |
| T.C. Outlaw | ) | 18 U.S.C. §4042 |
| Annita Ford | ) | 5 U.S.C. §702 |
| G. Maldonado Jr. | ) ) | JURY TRIAL DEMANDED |
| Harrell Watts | ) | |
| Palm Harrington | ) ) | |
| John/Jane Doe<br>**Defendants.** | ) ) | |

The United States of America and Warden Lenny Noah, in his official capacity
as Warden at the Federal Correctional Complex at F.C.I., Perkin, Illinois.
Mr. Steven Sellers is being sued in his individual capacity as Plant Manager
of Unicor at F.C.I. (Perkin, Illinois).  Warden T.C. Outlaw in his official
capacity as Warden at the Federal Correctional Complex at Forrest City, Ark-
ansas ("FCCL-FC").  Mrs. Annita Ford in her individual capacity as Plant
Supervisor of Unicor at FCCL-FC.  Mr. G. Maldonado Jr. in his official cap-
acity as the Regional Director of the Federal Bureau of Prisons.  Mr. Harrell
Watts in his individual capacity as the Federal Bureau of Prisons Administrator.
Mr. Palm Harrington in his individual capacity as the Associate Warden of Unicor
at FCCL-FC and Mr. / Mrs. John/Jane Doe in his/her individual capacities as
may be identified through discovery.

Prisoner's Pro-Se Civil Complaint Seeking Compensatory Damages
for Actual and Punative Relief Pursuant to the Federal Tort Claims Act

(3)

COMES NOW, Walter L. Hall, hereinafter "Plaintiff", pro se, hereby moves this Honourable Court to grant the relief requested in this Civil Action brought against the Federal Bureau of Prison (FBOP) employees in both their individual and official capacities for the intentional tort committed while acting under color of law.   This action seeks actual damages for the lost wages, punative damages for acts of retaliation, and compensatory damages for the intentional infliction of emotional distress from the act and/or omission of acts as stated herein.

## I.  PARTIES

1.) Plaintiff, Walter L. Hall, is a Federal prisoner housed at F.C.I. Forrest City - Low and was transferred from F.C.I. Oxford to F.C.I. Perkin and, at all times relevant to this action, was protected by the U.S. Constitution and the law of the United States.   Walter L. Hall continues to reside at the Federal facility located in Forrest City, Arkansas.

2.) Defendant, Lenny Noah, is a Federal employee employed by the FBOP in his capacity was responsible for overseeing the operations of the F.C.I. Perkin facility within the FBOP and was so employed at all times relevant to this action and was acting under color of law.   He is sued in both his individual and official capacities.

3.) Defendant, Steven Sellers, oversees and is responsible for all conditions and operations of the Unicor plant operation at F.C.I. Perkin, Illinois. He was so employed at all times relevant to this action and was acting under color of law.   He is sued in both his individual and official capacities.

4.) Defendant, T.C. Outlaw, is a Federal employee employed by the F.B.O.P. in his capacity overseeing the operation of this facility within the F.B.O.P. and was so employed at all times relevant to this action and was acting under color of law.  He is sued in both his individual and official capacities as well.

5.) Defendant, Mrs. Annita Ford, oversees and is responsible for all conditions and operations of the Unicor plant operation at the Federal Correctional Complex in Forrest.City, Arkansas.  She was so employed at all times relevant to this action and was acting under color of law.  She is sued in both her individual and official capacities.

6.) Defendant, G. Maldonado Jr., is a Federal employee employed by the F.B.O.P. in his capacity overseeing the operations of all F.B.O.P. facilities within his region and was so employed at all times relevant to this action and was acting under color of law.  He is sued in both his individual and official capacities.

7.) Defendant, Mr. Herrell Watts, is a Federal employee employed by the F.B.O.P and was so employed as the overseer of the B.O.P. Administrator and was so employed at all times relevant to this action and was acting under color of law.  He is sued in both his individual and official capacities.

8.) Defendant, Assistant Warden Palm Harrington, oversees and is responsible for all conditions and operations of the Unicor facility in FCCL-FC in Forrest City, Arkansas.  He was so employed at all times relevant to this action and was acting under color of law.  he is sued in both his individual and official capacities.

9.) Defendant, Mr. / Mrs. John / Jane Doe, whose identities are unknown and
who become identified through discovery as is proscribed under Federal
law, as Federal employees with a relevant interest in this case. He/she
is sued in both his/her individual and official capacities.

## II.   HISTORY OF THE CASE

10.) On or about March 11, 2008 there was a change in mission at the F.C.I.
Oxford (Wisconsin) which caused several inmates to be transferred to other
institutions but were told that, due to the B.O.P. Program Statement 8120.02,
they would be transferred under this provision that they would and will have
the same benefits and be placed at the top position of the inmate prior waiting
lists. Mr. Hall worked in Department 2 of F.C.I. Oxford but was transferred
to F.C.I. Perkin (Illinois). Hall was placed on the Unicor waiting list
but, due to Mr. Hall's security level changing he was transferred to F.C.I.
Forrest City Low, where he was placed on the "Unicor 3" waiting list instead
of the prior list and was told by F.C.C. Forrest City staff that "they do not
do things the way we do them here," but Mr. Hall informed them that he was
employed by Unicor previously and he was transferred due to a mission of the
Institution changing and that he was to be placed on the top of the prior
list because the record would show that he was a "Grade 1 (One)" and he had
42 months of longevity, but Forrest City staff continued to place him on the
"Unicor 3" list until he filed an Administrative Remedy. At this time, he
was told by still that with that type of attitude he would never work in
Forrest City's Unicor plant. But on or about  SFpt  or the month of Dec-
ember, the FCCL-FC Unicor hired inmates Bott (Register Number 3158-069) and
Newberry (Register Number 14943-024) as new arrivals to the facility and only
being at Forrest City for two months. Mr. Hall is still currently on the
waiting list after three (3) years at the Forrest City Complex.

* P.S. 8129.02 "Work Program for Inmates, FPI" Chapter 3, Section 3, Paragraph
C states, 'When a FPI factory closes in a location with two or more factories,
an inmate worker may be transferred to remaining factories at the location
ahead of other inmates on the waiting list so there is no break in active duty
with FPI.

Mr. Hall also has submitted several requests to the Warden, known as "cop-outs" and Mrs. Ford as well, but only to be told by both the Warden and staff that only because he was not assigned to work at the Perkin Unicor he did not qualify to be rehired under this provision (dated 6/29/2010) by Regional Director G. Maldonado Jr. The record will show that Mr. Hall was indeed transferred from the Institution after a "change in mission" and he should have been placed on the top prior Unicor waiting employment list rather than being relegated to the bottom of the lowest-priority list. This necessitated Mr. Hall to start all over when he had an outstanding work ethic record and 42 months of longevity. Bureau Policy shows that Mr. Hall does indeed qualify to be rehired under these conditions.

### III.   FACTUAL ALLEGATIONS

11.) Mr. Hall is a Federal prisoner housed at F.C.I. Forrest City – Low.

12.) At all times relevant to this action, Walter Hall was working in the Unicor Department 2 of the facility at F.C.I. Oxford

13.) Inmate Hall has been subjected to retaliation, deliberate indifference, inappropriate conduct, abuse and discrimination.

14.) The record shows that Mr. Hall and several other inmates were transferred due to a change in mission with the Institution but was retaliated upon and discriminated against by Warden Lenny Noah, Plant Manager Steve Sellers, Regional Director G. Maldonado Jr., Administrator Herrell Watts, Warden T.C. Outlaw, Plant Manager Annita Ford by violating Programs Statement 8120.02 of B.O.P. Policy for inmates employed by Federal Prison Industries (FPI).

## IV.   CLAIM FOR RELIEF

15.) Because of the action and/or omission of action by Defendants Lenny Noah, Steve Sellers, G. Maldonado Jr., Herrell Watts, T.C. Outlaw, and Annita Ford, Mr. Hall was denied actual wages in the sum certain amount of **$ 20,526.12** .

16.) Because of the action and/or omission of action by Defendants G. Maldonado Jr., Herrell Watts, Lenny Noah, Steve Sellers, Mr. Hall was transferred from his job, resulting in the aforementioned lost wages.

17.) Because of the action and/or omission of action by Defendants (all in their official capacities) Mr. Hall was never returned back to work.

18.) Because of the action and/or omission of action by Defendants (all in their official capacities) who retaliated against Plantiff Hall for seeking relief from the injustice inflicted upon him, Hall's right to be  free from cruel and unusual punishment, deliberate indifference and intentional infliction of emotional distress violated his rights which are protected by the Eighth Amendment of the United States Constitution.

## V.   RELIEF SOUGHT

19.) Because of the action and/or omission of action by the named and/or unnamed B.O.P. employees who violated Hall's rights and caused him actual and emotional harm, he seeks the following relief:

a) Actual damages in the sum certain amount of **$ 20,526.12** for lost wages;

b) Punative damages in the sum certain amount of **$ 75,000.00** as statutory minimum for jurisdictional purposes;

c) Compensatory damages in a sum certain amount to be determined by a jury;

d) Mr. Hall's right to a trial by jury;

e) His rights to be free from retaliation for filing this action;

f) His right to name additional defendants whose identities become known through discovery;

g) His right to raise additional claims as the facts are revealed through discovery;

h) His right to seek additional damages as the facts dictate; and

i) All rights not specifically stated herein are reserved.

WHEREFORE, PLAINTIFF Walter L. Hall prays that the Court grant the relief requested in this action and all other relief it deems just and equitable in these premises.

I hereby certify and affirm that the foregoing statement and facts are true, correct and complete to the best of my personal first-hand knowledge and belief and not meant to mislead, pursuant to Title 28 U.S.C. §1746 under penalty of perjury and other laws of the United States governing certification.

Executed on this ___8th___ day of ___July___, 2011

*Robert Tanzy / Robert Tanzy*
CASE MANAGER, AUTHORIZED BY ACT OF JULY 7,
1955, AS AMENDED TO ADMINISTER OATHS
(18 USC 4004). *July 8, 2011*

By: _____
Walter L. Hall
Register Number 08528-030
Petitioner / Pro Se



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_Federal Correctional Complex_
Forrest City, AR 72335

MEMORANDUM FOR      ALL CONCERNED

FROM:               Case Manager

SUBJECT:            Administering Oaths and Acknowledgments


While state and local laws may often refer only to a _notary public_ (or similar officials) because they are the only officials authorized by _state law_ to administer oaths and witness signatures, **Federal law also authorizes certain Bureau officials to perform such functions in Federal prisons.**

Title 18 U.S.C. § 4004 provides:

> **"The wardens and superintendents, associate wardens and superintendents, chief clerks, and record clerks, of Federal penal or correctional institutions, may administer oaths to and take acknowledgments of officers, employees, and inmates of such institutions, but shall not demand or accept any fee or compensation therefor."** (Pursuant to Program Statement 1315.07. institution Case Managers are considered to be chief clerks.)


The following shall be the wording of the stamps used to administer oaths and witness signatures:

     (name)         ,     (title)     ,
Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004).

The witnessing of a person's signature in no way is a representation by the witness as to the validity of the material or its contents, but is an indication that the document has been signed by the individual whose signature appears thereon.
Each person issued a stamp is responsible for its control and safekeeping, so it will not be available to unauthorized persons.

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROVED OMB NO. 1105-0008** |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| FEDERAL BUREAU OF PRISON<br>4211 CEDAR SPRINGS RD.<br>SUITE 300 DALLAS TX. 75219 | WALTER HALL 08528-030<br>FEDERAL CORRECTIONAL COMPLEX - LOW<br>P.O. BOX 9000 - LOW<br>FORREST CITY. AR 72336 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>3/5/55 | 5. MARITAL STATUS<br>NONE | 6. DATE AND DAY OF ACCIDENT<br>MARCH 11, 2008 | 7. TIME (A.M. OR P.M.)<br>4:00 |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)*

Claimant was transferred from FCI UNICOR at Oxford, WI to FCI Pekin, IL on March 11, 2008. I was subsequently placed on the UNICOR PRIOR WAITING list prior to COP-OUTS and followed up by going to UNICOR in person. After stating the facts of PS-8120.02(b)(c), I was told, "we do things the way we do them here". I was then transferred to FORREST CITY (Low) and was placed on the REGULAR WAITING LIST. After filing an 8½, I was subsequently placed on the PRIOR WAITING LIST where I'm #32. I'm requesting reinstatement and lost wages and they consist of the following (Calculated at GRADE ONE - 42 Months longrity):

| DAILY RATE | 9.79 |
|---|---|
| | × 23 |
| | 225.17 |
| | × 12 |
| | 2,702.04 |
| | × 3 |
| | 8,106.12 |

| OVERTIME RATE | 15.00 |
|---|---|
| | × 23 |
| | 345.00 |
| | × 12 |
| | 4,140.00 |
| | × 3 |
| | 12,420.00 |

| OVERTIME | 12,420.00 |
|---|---|
| REGULAR | 8,106.12 |
| | 20,526.12 |

This sum could be more if calculated at 52 months longevity and longer promotion

At this point claimant has all 84 months longevity

SEE Additional Page

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

UNICOR AT PEKIN, IL. UNICOR AT FORREST CITY, AR

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) My EMPLOYMENT WAS TAKEN AWAY BY VIOLATION OF PS. 8120.02(b)(c) "I WAS MOVED FOR INSTITUTION ADJUSTMENT," ALL REMEDYS HAVE BEEN COM...
-PIE...

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

NONE

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| SEE: ATTACHMENTS A-B-AND C | SAME |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>$20,526.12 | 12b. PERSONAL INJURY<br>NONE | 12c. WRONGFUL DEATH<br>NONE | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$20,526.12 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>[signature] | 13b. Phone number of signatory<br>NONE | 14. DATE OF CLAIM<br>12-12-09 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.). | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109<br>Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

In addition, claimant's due process was violated by the Administrative Remedy Process. Claimant sent his Remedy appeal to Washington D.C. and it was received by them on July 30, 2010. On August 13, 2010, I was sent a receipt acknowledging a response was due September 8, 2010. On September 13, 2010, I received a receipt stating that additional time was needed and a response was due by September 28, 2010. That was the last time claimant received anything from Washington D.C. until February 17, 2011.

For the most part it is not the claimant's fault that he was not in Unicor at Pekin, IL, or here at Forrest City AR. I made request after request to be reinstated in Unicor at Pekin and Forrest City. I was transferred for medical adjustments at Oxford, WI. This was for administrative reasons. See [b. and [c.

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program</u>, (CN 4, August 13, 2002), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: _Walter Hall_                    Date: _4/23/2010_

Register Number: _08528-030_          Unit: _W/C_

Specific Complaint (include date) and Requested Relief: _I was removed from unicor March 11, 2008 at Oxford wi. for institutional reasons, the institution was changed to a medical One(1) from a medical from a medical two(2). I was sent to Pekin Ill. who has a unicor and was placed on a waiting list, then moved here at Forrest City AR. where I'm put on another waiting list. I'm requesting to be reinstated in unicor with lost wages under BOP hiring § 345.2(c)._

Efforts Made By Inmate to Informally Resolve Grievance (be specific): _This is the second informal resolution I have submitted, I don't know what went wrong with the other one._

Counselor's Comments: _You are presently on unicor list #1. You will not be paid any "lost wages" while you were not assigned to a UNICOR job._

_____          _____
Correctional Counselor's Review Date        Unit Manager's Review Date

DATE BP-9 was ISSUED _4-27-10_

```
   FOREY   530.02 *            INMATE ROSTER              *      12-12-2009
  PAGE 019                                                       13:13:47
                  CATEGORY: WLS                   GROUP CODE:
                  ASSIGNMENT: FPI WLS 3           FACILITY: FOR
    OPER   CATG  ASSIGNMENT     OPER   CATG  ASSIGNMENT     OPER   CATG  ASSIGNMENT

  NUM   ASSIGNMENT REG NO    NAME                  WLS DATE    CSW        WRK
  0235 FPI WLS 3  08528-030 HALL                  10-19-2009 FCI W3      F REC AM
  0236            23629-009 FINCH                 10-22-2009 C DELTA     C FPI WHSE
  0237            56140-179 BENNETT               10-22-2009 C DELTA     C GARAGE
  0238            43462-279 STUBBLEFIELD          10-22-2009 C DELTA     C DLT UNIT
  0239            41471-074 DANIEL                10-22-2009 C DELTA     C GN MAIN5
  0240            34906-044 WILLIAMS              10-27-2009 FCI W1      F REC AM
  0241            89748-179 ESTRADA               10-29-2009 FCI H1      F REC PM
  0242            36130-044 BLEDSOE               11-09-2009 FCI M2      F AM DINE
  0243            04057-063 MCFADDEN              11-10-2009 FCI H2      F BAKERY
  0244            35115-177 BRONSON               11-11-2009 FCI M1      F CCS AM
  0245            30761-160 LEE                   11-13-2009 FCI H1      F UNASSG
  0246            42897-279 GONZALEZ-RODRIGUEZ    11-18-2009 FCI W1      F AM DINE
  0247            15197-055 SOLTZ                 11-20-2009 FCI W4      F PM COOK


  G0002       MORE PAGES TO FOLLOW . . .
```



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: HALL WALTER          08528-030    WC    FORREST CITY AR.
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST THIS IS IN RESPONSE TO AN INFORMAL RESOLUTION ATTEMPT, BRB.
I AM REQUESTING TO BE REINSTATED AS OF NOW, IN UNICOR. THE REASON FOR THIS IS AS
STATED, I WAS REMOVED FROM UNICOR FOR INSTITUTIONAL REASONS, THE INSTITUTION AT OXFOR
WI. WAS CHANGED FROM A MEDICAL(2) TO A MEDICAL (1) I WAS MOVED BECAUSE I'm A
MEDICAL(2). I WAS TAKEN OUT OF UNICOR AT OXFORD WI. ON MARCH 11, 2008 AND MOVED T
PEKIN IL. WHERE THEY HAVE A UNICOR AND WAS PLACED ON A WAITING LIST UNTIL I WAS
MOVED HERE AT FLC. FORREST CITY AR. I AM ON ANOTHER WAITING LIST, ACCORDING TO THE
B.O.P. #HIEQING §345.32 (C) I Should BE PLACED BACK IN UNICOR AHEAD OF ALL WAITI
LIST. So I AM REQUESTING My Job BACK RighT AWAY AND ALL LOST WADGES TO DATE.

4-27-10
DATE

SIGNATURE OF REQUESTER

Part B- RESPONSE

**RECEIVED**
APR 2 9 2010

_____          _____
DATE                                 WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: 587719-F1

CASE NUMBER: 587719-F1

Part C- RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                           RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN

Regional Administrative Remedy Appeal

Type or use black-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: HALL WALTER L.          08528-030          W-C          FORREST CITY AR.
    LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.         UNIT          INSTITUTION

**Part A—REASON FOR APPEAL** This Administrative Remedy IS IN RESPONSE TO A BR9 Filed April 27, 2010. That Response is dated May 17, 2010. IN That Response WARDEN T.C. OUTLAW STATES That I WAS PLACED ON THE UNICOR LIST AS NUMBER ONE (1), I WAS NOT PLACED ON THE LIST AS NUMBER (1) ONE, SEE exhibit (A) THE WARDEN ALSO STATES THAT I WAS NEVER ON ANY LIST A PEKIN; I WAS ON THE WAITING LIST AT PEKIN FROM THE DAY I GOT THERE UNTIL I LEFT, AN I MADE A NUMBER OF REQUESTS TO be REINSTATED by COP-OUT AND VISTING THE FACTORY IN PERSON. THIS Administrative Remedy IS AIMED AT THE FEDERA PRISON INDUSTRIES. THE BOP's Program STATEMENT dose NOT SAY THAT I CAN ONLY FILE AT ONE OR THE OTHER INSTITUTION, I AM Filing ON UNICOR AND IT IS A PART OF THE WHOLE B.O.P. I AM STILL FAR REMOVED FROM MY JOB AT UNICOR TIL THIS DATE, I AM ONLY REQUESTING THAT HIERING $345.32 (C) be HONERED, AND REINSTATE ME IN UNICOR WITH LOSTED WADGES.

5/17/2010
DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                  _____
DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                  CASE NUMBER: 58771D-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

USP LVN    DATE       Previous editions not usable.     SIGNATURE, RECIPIENT OF REGIONAL APPEAL     BP-230(13)
                                                                                                    APRIL 1982

**FEDERAL CORRECTIONAL COMPLEX, FORREST CITY, AR**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**587719-F1**

**HALL, WALTER, L.**
**Reg No. 08528-030**

This is in response to your Request for Administrative Remedy received April 29, 2010, regarding reinstatement to UNICOR.

For relief you request that the Federal Prison Industries (FPI), UNICOR, reinstate your job which was lost due to a change in mission at FCI Oxford along with lost wages incurred since this transfer.

A review of your request indicates on March 11, 2008, you were transferred from FCI Oxford to FCI Pekin.  On March 21, 2008, you were assigned to the Electric Shop and on July 21, 2008, you were assigned as the Chaplain's Orderly.  It does not show that you were employed at FCI Pekin UNICOR at anytime or that you were on a waiting list.  You were then transferred to FCC Forrest City, AR, where you were placed on the UNICOR Waiting List as number one on October 19, 2009, based on your prior UNICOR status.

According to P. S. 8120.02, Work Programs for Inmates, FPI, Chapter 3, Recruiting and Hiring Practices, Section 3, Waiting List Hiring Exceptions §345.33, Paragraph c, **"Industry Closing and Relocation**--When an FPI factory closes in a location with two or more FPI factories, an inmate worker affected maybe transferred to remaining FPI factories ahead of the top portion of the inmates on the waiting lists, so there is no break in active duty with FPI.  Such actions are also in order where the work force of an industry is reduced to meet institution or FPI needs.  An inmate transferred under the provisions of this part will have the same benefits as any intra-industry transfer."

In order to qualify for the transfer due to change in mission, you must have been employed at UNICOR, FCI Pekin, which was the next place you were transferred to.  Previous paragraph shows that you were employed for the Electric Shop and Chapel. It does not state that you were employed at UNICOR.  The above action may have been processed at Pekin and not at Forrest City.

Based on the above review, your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Federal Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs Road, Suite 300, Dallas, Texas, 75219.   Your appeal must be received in the South Central Regional Office within 20 days of this response.


_____                    _____
T. C. Outlaw, Warden                                    Date

HALL, Walter              REG. NO. 08528-030      RECEIPTED: 05/21/10

CASE NO. 587719-R1        PART B - RESPONSE


You are appealing the Warden's response to your request to be
reassigned to work in Federal Prison Industries (FPI), with back pay.

Program Statement 8120.02, Work Programs for Inmates, FPI, Chapter
3, Section 3, Paragraph c, states when a FPI factory closes in
a location with two or more factories, an inmate worker may be
transferred to remaining factories at that location ahead of
other inmates on the waiting list so there is no break in active duty
with FPI.  An inmate transferred under this provision will have
the same benefits as any intra-industry transfer.  In order to
qualify for this transfer due to a change in mission, you must
have been assigned to work in FPI at Federal Correctional Institution
(FCI) Pekin, which was the next institution you were transferred
to after FCI Oxford.  You were actually assigned to the Electric Shop
and as a Chaplain's Orderly after your transfer to FCI Pekin.
Therefore, you do not qualify to be rehired under this provision.

Your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section, 320
First Street, NW, Washington, D.C. 20534.  Your appeal must be
received in that office within 30 days from the date of this response.


_6/29/10_____
Date

G. Maldonado, Jr.
Regional Director

SENSITIVE BUT UNCLASSIFIED

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: HALL WALTER L    08528-030    WC    FORREST CITY AR.
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** It would seem to me that the regional office is in agreement with me. I'm stating the fact that I was transferred from Oxford WI. FPI to Pekin Il. Without being reinstated to unicor. I was placed in the Electric shop and put on the waiting list. This is my complaint that I was never reinstated. This remedy is aimed at paragraph (c) of section (3) of 8120.02 WORK PROGRAMS (FOR INMATES) I was transferred due to a change in mission and was assigned to the Electric shop and as the orderly for the Chaplain. This is not my fault that I was never reinstated at Pekin, I requested it, on a number of occasions. I'm only asking to be reinstated with lost wages.

7/15/10
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

JUL 3 0 2010

Administrative Remedy Section
Federal Bureau of Prisons

_____    _____
DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 587719-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN    Printed on Recycled Paper    BP-231(13)
APRIL 1982

**Administrative Remedy No. 587719-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you allege staff failed to assign you to work in Federal Prison Industries, ("FPI"). As relief, you request staff reassign you to work in FPI.

Our review reveals that the Warden and Regional Counsel have thoroughly addressed the issues raised in your appeal. Program Statement 8120.02, <u>Work Programs for Inmates, FPI</u>, July 15, 1999, states that where an FPI factory closes at a location with two or more factories, inmates who worked at the closed factory may be transferred to the remaining factories in advance of other inmates on the waiting lists. Inmates transferred in this fashion receive the benefits related to intra-industry transfer.

As explained by the Warden and Regional Director, you did not work in FPI immediately prior to the transfer to your current location. Thus, you are not eligible to receive the benefits from the above referenced program statement.

Your appeal is denied.

January 28, 2011
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals