IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WALTER L. HALL                                                                                    PLAINTIFF
Reg. #08528-030

V.                              CASE NO.: 2:11CV00127 DPM/BD

USA, et al.                                                                                       DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Mr. Hall–or any party–may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

**II.**    **Discussion:**

    A.    Background

Mr. Hall filed this lawsuit pro se under the Federal Tort Claim Act ("FCTA") and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). He alleges that he was not hired by UNICOR since his transfer to the Federal Correctional Institution in Forrest City.[1]

Mr. Hall's original complaint did not state a federal claim to relief, so he was ordered to file an amended complaint, explaining his claims. For his FTCA claim, Mr. Hall was instructed to identify the tortious conduct that injured him. For his *Bivens* claims, he was ordered to explain how his constitutional rights were violated, to identify the individuals responsible for the violations, and to explain what injury he suffered as a result of the improper conduct.

Mr. Hall has now filed his amended complaint. He reaffirms that he is bringing the lawsuit under both the FTCA and *Bivens*. He names as Defendants the United States of America, employees of the various federal correctional institutions where he has been

---

[1] UNICOR is a Bureau of Prisons program that offers job skills training to federal inmates.

held, as well as a regional director and an administrator for the Federal Bureau of Prisons. Mr. Hall seeks money damages and names each of the Defendants in both their official and individual capacities.

Mr. Hall's claims should be dismissed because his allegations do not state either an FTCA or a constitutional claim.

   B.  <u>Claims Under Federal Tort Claims Act</u>

The FTCA waives sovereign immunity to allow plaintiffs to hold the United States vicariously liable for certain negligent or otherwise wrongful acts committed by federal employees acting within the scope of their employment. See 28 U.S.C. § 1346(b), 2671-2680; *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998). Claims brought under the FTCA are governed by the substantive law of the state where the allegedly tortious acts occurred – in this case, Arkansas. 28 U.S.C. § 1346(b); *Johnson v. United States*, 534 F.3d 958, 963 (8th Cir. 2008); *Little White Man v. United States,* 446 F.3d 832, 835 (8th Cir. 2006).

Mr. Hall claims that he was employed by UNICOR while he was housed at the Federal Correctional Institution in Oxford, Wisconsin. In March 2008, Mr. Hall explains there was a "change in mission" which resulted in his transfer to the Federal Correctional Institution in Perkins, Illinois. (#5 at p.6) Mr. Hall was then placed on the UNICOR waiting list. Shortly after his arrival in Perkins, Illinois, Mr. Hall was again transferred. He was transferred to the Federal Correctional Institution in Forrest City, Arkansas,

where he claims that he has not been hired by UNICOR in the three years that he has been housed there.

Although Mr. Hall claims that he has not been hired by UNICOR since his transfer to Forrest City, he fails to identify the underlying state law tort which caused him to suffer injury. Because Mr. Hall has failed to adequately allege that any Federal Correctional Institution officer's conduct violated Arkansas state law, he has failed to state a claim for relief under the FTCA, and these claims should be dismissed.

  C. *Bivens* Claims

In his amended complaint, Mr. Hall states that the Defendants retaliated against him; discriminated against him; violated his "right to be free from cruel and unusual punishment;" acted with deliberate indifference, and violated Bureau of Prison policy. (#5 at p.8) As an initial matter, Mr. Hall has no right in UNICOR employment. *Lumholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)( per curiam)(no constitutional right in particular prison job). Insofar as he complains about not being included in that program, that fact does not amount to a claim under *Bivens* or the FTCA.

    1. *Retaliation Claims*

Mr Hall claims that the Defendants retaliated against him, but this claim, as set out in the complaint and amended complaint, fails. Mr. Hall states only that the Defendants retaliated against him "for seeking relief from the injustice." (#5 at p.8) This vague, conclusory allegation cannot support a retaliation claim. For this claim to go forward,


Mr. Hall would have to include facts tending to show that he engaged in protected activity; that he suffered an adverse consequence; and the adverse action the Defendants took against him was instigated by his engaging in protected activity. *Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010).

Here, neither the complaint nor the amended complaint states that Mr. Hall engaged in protected activity. A complaint does not have to include detailed factual allegations, of course, but it does have to include enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S.__, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). Mr. Hall is proceeding pro se, but even pro se complaints must state "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Mr. Hall's retaliation claim, even read liberally, is not plausible and should be dismissed.

Likewise, Mr. Hall provides no facts to support his claims that the Defendants discriminated against him, violated his right to remain free from cruel and unusual punishment, or acted with deliberate indifference. Mr. Hall merely alleges that other inmates were hired by UNICOR in Forrest City after waiting only a short time period, and he was not. He does not state – much less provide supporting facts – that these individuals were similarly situated to him. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); see also *Nolan v. Thompson*, 521 F.3d 983, 989-90 (8th Cir. 2008). As with the retaliation claim, these claims fail.

Finally, Mr. Hall claims that the Defendants failed to follow BOP policy by placing him on the "'Unicor 3' list." Even if the Defendants flagrantly failed to follow prison policy, this does not state a federal claim for relief. (#5 at p.6) The failure to follow prison policy is not a constitutional issue. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

### III. Conclusion:

The Court recommends that all of Mr. Hall's claims be DISMISSED, without prejudice, this 15th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE